IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| BRIAN DAMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. |
| | ) | |
| CNS TANK, LLC | ) | Div. |
| | ) | |
| Serve: Registered Agent | ) | |
| Curtis Harrell | ) | |
| 21770 E. K Highway | ) | |
| Nevada, MO 64772 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW**, Plaintiff Brian Damann ("Plaintiff") against Defendant CNS Tank, LLC ("Defendant") and states and avers as follows:

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., a federal statute. As to the state law claims, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b) and (c), because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

3. Plaintiff is an individual that resides in the State of Missouri.

4. Defendant is a Missouri limited liability company organized and existing under the laws of the State of Missouri.

1

5. At all times relevant herein, Plaintiff worked for Defendant at multiple locations in Missouri, Tennessee, Kentucky, Texas, Wisconsin, and Oklahoma.

6. At all times relevant herein, Plaintiff was employed by Defendant as a tank maker.

## COMMON FACTS

7. Plaintiff repeats and realleges all preceding paragraphs of the Petition, as if fully set forth herein.

8. Defendant is a privately owned establishment operating and doing business as a design build and services organization specializing in engineering and constructing customized storage systems.

9. The primary functions of Plaintiff while employed by Defendant during the applicable statutory period was to carry out the functions described above.

10. Defendant operates and controls an enterprise engaged in commerce.

11. At all times relevant herein, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Defendant was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d), V.A.M.S 290.500, KY Rev. Stat. Sec. 337.285, and W.S.A. Sec. 103.025.

13. At all times relevant herein, Defendant either directly or indirectly hired Plaintiff, controlled his work schedules and conditions of employment; determined the rate and method of the payment of wages, and kept at least some records regarding his employment.

14. At all times relevant herein, Defendant controlled the work schedule, duties, protocols, applications, assignments and conditions of employment of Plaintiff.

15. At all times relevant herein, Plaintiff was treated as a nonexempt employee by Defendant, and received a day rate regardless of the number of hours he worked each day.

16. At all times relevant herein, Defendant maintained control, oversight, and direction over Plaintiff, including the promulgation and employment of policies affecting the payment of wages for overtime compensation.

17. Upon information and belief, Defendant never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its business facility where Plaintiff was employed in violation of 29 C.F.R. § 516.4.

18. Plaintiff was required by Defendant, and did regularly work, over forty (40) hours per week.

19. During the applicable period, Plaintiff was paid a day rate for wages, but not paid any overtime compensation by Defendant for work weeks in excess of forty (40) hours.

20. Upon information and belief, Defendant failed to keep full and accurate records of Plaintiff's hours and ages in violation of 29 C.F.R. § 516.5, 516.6.

21. At all relevant times, Plaintiff worked in the manner described above and Defendant encouraged, instructed, and required them to work in this manner.

22. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administration, regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the Missouri Department of Labor, Labor Cabinet of Kentucky, Wisconsin Department of Workforce Development, or any administrative practice or enforcement policy of such departments.

23. Defendant's widespread violations of the above-described Federal and State wage and hours statutes and regulations were willful, arbitrary, unreasonable, and/or in bad faith.

## COUNT I-VIOLATION OF FLSA

24. Plaintiff repeats and realleges all the preceding paragraphs of this Petition, as if fully set forth herein.

25. Defendant required Plaintiff to work hours in excess of forty (40) in a work week.

26. Defendant failed to pay Plaintiff overtime compensation for hours in a work week in excess of forty (40), which violates the FLSA.

27. Defendant's uniform conduct and practices, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

28. Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

29. As a result of Defendant's uniform policy and practice described above, Plaintiff was illegally deprived of overtime compensation earned in such amounts to be determined at trial and is entitled to recover total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's system wide wage practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516 et seq.

B. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. and attendant regulations at 29 C.F.R. § 516 et seq.

C. Judgment for liquidated damage pursuant to the Fair Labor Standards Act 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516 et seq., in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiff during the applicable period.

D. Judgment for any and all civil penalties to which Plaintiff may be entitled.

E. An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action.

F. Such other and further relief as to this Court may deem necessary, just and proper.

## COUNT II-VIOLATION OF MISSOURI MINIMUM WAGE LAW

30. Plaintiff repeats and realleges all the preceding paragraphs of this Petition, as if fully set forth herein.

31. Defendant required Plaintiff to work hours in excess of forty (40) in a work week in the state of Missouri.

32. Defendant failed to pay Plaintiff overtime compensation for hours in a work week in excess of forty (40).

33. Defendant's failure to pay Plaintiff overtime compensation for hours in a work week in excess of forty (40) violates the MMWL.

34. A two (2) year statute of limitations applies to the MMWL violation, pursuant to V.A.M.S. 290.527.

35. Defendant's conduct and practice, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

36. As a result of the foregoing, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of

total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to Mo. Rev. Stat. § 290.527.

WHEREFORE, Plaintiff prays for declaratory relief and damages as follows:

A. Damages pursuant to Mo. Rev. Stat. § 290.527.

B. All costs and attorney's fees incurred in the prosecution of these claims;

C. For such other and further relief as this Court deems just and equitable.

## **COUNT III-VIOLATION OF KENTUCKY WAGE LAW**

37. Plaintiff repeats and realleges all the preceding paragraphs of this Petition, as if fully set forth herein.

38. Defendant required Plaintiff to work hours in excess of forty (40) in a work week in the state of Kentucky.

39. Defendant failed to pay Plaintiff overtime compensation for hours in a work week in excess of forty (40).

40. Defendant's failure to pay Plaintiff overtime compensation for hours in a work week in excess of forty (40) violates Kentucky's overtime law.

41. A five (5) year statute of limitations apples to Kentucky overtime law violations, pursuant to KRS § 337.285.

42. Defendant's conduct and practice, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

43. As a result of the foregoing, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to KRS § 337.285.

WHEREFORE, Plaintiff prays for declaratory relief and damages as follows:

A. Judgment against Defendant for an amount equal to Plaintiff's unpaid overtime compensation.

B. All costs and attorney's fees incurred in the prosecution of these claims;

C. For such other and further relief as this Court deems just and equitable.

## COUNT IV—VIOLATION OF WISCONSIN WAGE LAW

44. Plaintiff repeats and realleges all the preceding paragraphs of this Petition, as if fully set forth herein.

45. Defendant required Plaintiff to work hours in excess of forty (40) in a work week in the state of Wisconsin.

46. Defendant failed to pay Plaintiff overtime compensation for hours in a work week in excess of forty (40).

47. Defendant's failure to pay Plaintiff overtime compensation for hours in a work week in excess of forty (40) violates Wisconsin's overtime law.

48. A two (2) year statute of limitations apples to Wisconsin overtime law violations.

49. Defendant's conduct and practice, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

50. As a result of the foregoing, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to W.S.A. 103.025 and Wis. Admin. Code § DWD 274.03.

WHEREFORE, Plaintiff prays for declaratory relief and damages as follows:

A. Judgment against Defendant for the damages Plaintiff is entitled to as a result of the unpaid overtime compensation.

B.  All costs and attorney's fees incurred in the prosecution of these claims;

C.  For such other and further relief as this Court deems just and equitable.

**ENGELMEYER & PEZZANI, LLC**

By: /s/ Anthony M. Pezzani
Anthony M. Pezzani, #52900MO
*tony@epfirm.com*
13321 N. Outer Forty Road, Ste. 300
St. Louis, MO  63017
Phone:  636-532-9933
Fax:    314-863-7793
Attorney for Plaintiff